IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE HARRIS,

                Plaintiff,
   v.
                                                                    ORDER

LORIE IVERSON, SGT. BOARDMAN,
MR. BROADBENT, GARY BOUGHTON,            16-cv-594-jdp
W. BROWN, K. SALINAS,
C. O'DONNELL, and MR. KARTMAN,

                Defendants.

---

      Plaintiff Lawrence Harris, a prisoner incarcerated at the Wisconsin Secure Program Facility, brought this case alleging that prison officials retaliated against him for filing complaints about being fired from his prison job. I granted summary judgment to defendants on the ground that Harris had failed to properly exhaust his administrative remedies for any of his claims. He has filed a motion to reconsider the decision, Dkt. 30, that I will construe as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

      I dismissed one set of claims—that Harris was given a conduct report in retaliation for his complaints about being fired—because Harris did not exhaust his conduct-report remedies by appealing his conviction. Harris reiterates that he "did what was available to him at the time," Dkt. 30, at 1, by submitting a letter to the warden about the retaliation, two days after his conduct report hearing. I concluded that this letter could not reasonably be construed as an appeal of the conduct-report hearing, which was required for him to exhaust that process:

> Harris wrote a letter instead of filling out the form usually used for conduct-report appeals, and the letter is not written from the perspective of someone complaining about the outcome of the conduct-report proceedings. He focuses on what he believes was a breach of protocol by him being fired before he was convicted

> of wrongdoing. Boughton appears to have agreed with Harris because he responded by changing the date of Harris's termination to April 25, the date of the conduct-report hearing. *See* Dkt. 21-2. Boughton also stated that "Ms. Sutter is coordinating the pay adjustment to [Harris's account]," by which I take to mean that Harris received back pay for the extra time he was now deemed to have held the position. But neither Harris's letter nor Boughton's response can reasonably be construed as documents filed pursuant to a disciplinary appeal, because they do not discuss the substance of the hearing or the possibility of overturning the conviction.

Dkt. 28, at 7.

Harris now argues that he did not need to file a formal appeal because the warden has the power to unilaterally dismiss any conduct-report decision. *See* Wis. Admin. Code § 303.89 ("Warden-initiated review. The warden may at any time initiate a review of the decision and disposition of a conduct report and act on it unilaterally."). But the existence of this provision for the warden is not reason to reconsider my decision. Regardless whether the warden has the power to vacate a conduct-report decision on his own authority, Harris is still required to follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005) (internal quotation omitted). It is simply incorrect to say that Harris did everything he could—the rules required him to file a formal appeal of his conduct-report conviction, so his failure to do so dooms this set of claims.

With regard to his other set of claims—that other defendants retaliated against him by mishandling a grievance about his firing—I concluded that he never properly filed a grievance about this issue. Instead, he mentioned it in an appeal of his grievance about the firing itself, but the corrections complaint examiner correctly disregarded that argument as not properly before the CCE because it was an issue raised for the first time on appeal, and because Harris

could grieve only one issue at a time. *See* Dkt. 28, at 7–8. Harris contends that there was no need for a separate complaint, but he does not provide new evidence or develop an argument that persuades me my previous decision was incorrect. Harris should have filed a separate grievance about his concern that the examiners mishandled his previous grievance.

ORDER

IT IS ORDERED that plaintiff Lawrence Harris's motion to alter or amend judgment, Dkt. 30, is DENIED.

Entered May 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge